

# NUMBERS 13-10-00190-CR AND 13-10-00191-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JESSICA LATRESE CHATMAN,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the County Court at Law No. 5 of Montgomery County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides Memorandum Opinion by Justice Rodriguez

Appellant Jessica Latrese Chatman challenges her conviction by a jury for possession of marihuana (appellate cause number 13-10-00190) and criminal trespass (appellate cause number 13-10-00191), both class B misdemeanors.[1]   *See* Tex. HEALTH

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

& SAFETY CODE ANN. § 481.121(a), (b)(1) (Vernon 2010); TEX. PENAL CODE ANN. § 30.05(a)(1), (d)(1) (Vernon Supp. 2010).  By three issues, Chatman argues that:  (1) the evidence was legally insufficient to support her criminal trespass conviction because there was a "bona fide dispute" as to right-of-access; (2) her trial counsel was ineffective for failing to request a jury instruction on mistake of fact as to criminal trespass; and (3) the trial court erred in refusing her request, under article 38.23 of the code of criminal procedure, for a jury charge in her marihuana possession case regarding evidence seized in an alleged illegal entry by the police.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005).  We affirm the judgment of conviction for criminal trespass and affirm as modified the judgment of conviction of possession of marihuana.

## I. BACKGROUND

In mid-March 2009, Chatman was arrested at the Cricket Hollow Apartments in Montgomery County, Texas.  At the time of her arrest, Chatman was present in the apartment from which she had been evicted over three weeks earlier.  The arresting police officers found marihuana in the apartment and on Chatman's person.

Chatman was charged by complaint and information for possession of marihuana as follows:  "on or about March 12, 2009, in Montgomery County, Texas, [Chatman], did intentionally or knowingly possess a usable quantity of marihuana in the amount of two ounces or less . . . ."  Chatman was also charged by complaint and information for criminal trespass as follows:  "on or about March 12, 2009, in Montgomery County Texas, [Chatman], did intentionally and knowingly enter a habitation of another, namely, Stephanie Eason, without the effective consent of Stephanie Eason, the owner, and [Chatman] did then and there have notice entry was forbidden . . . ."

2

Chatman pleaded not guilty to both charges, and her case was tried to a jury.   The jury returned guilty verdicts.   For the marihuana possession conviction, the trial court sentenced Chatman to 180 days' confinement in county jail, suspended for one year of community supervision, and assessed a $500 fine; for the criminal trespass conviction, the court sentenced Chatman to two days in county jail, with credit for time served, and assessed a $300 fine.   This appeal followed.

## II.   SUFFICIENCY OF THE EVIDENCE

By her first issue, Chatman complains that the evidence was legally insufficient to support her criminal trespass conviction because a bona fide dispute existed regarding Chatman's right to access the property in question.

### A.   Standard of Review and Applicable Law

When conducting a legal sufficiency review, a court must ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"—not whether "*it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).   A legal sufficiency analysis requires the court to view all of the evidence in "a light most favorable to the verdict."   *Jackson*, 443 U.S. at 319; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).   The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony.   TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).   We do not reevaluate the weight or credibility of the evidence, nor do we substitute our own conclusions for the trier of fact.   *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App.

3

2000) (en banc). Instead, we resolve any inconsistencies in the evidence in favor of the final judgment and consider whether the jury reached a rational decision. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240. The elements of class B misdemeanor criminal trespass are that: (1) a person, (2) without effective consent, (3) enters or remains on the property of another, (4) knowingly or intentionally, (5) when she had notice that entry was forbidden. *See Day v. State*, 532 S.W.2d 302, 306 (Tex. Crim. App. 1976) (op. on reh'g); *see also* TEX. PENAL CODE ANN. § 30.05(a)(2). "'Effective consent' includes consent by a person legally authorized to act for the owner." TEX. PENAL CODE ANN. § 1.07(19) (Vernon Supp. 2010).

### B. The Evidence

At trial, the State admitted into evidence the judgment of eviction against Chatman that was obtained by Cricket Hollow in justice court on February 12, 2009. The judgment decreed as follows:

> [T]hat Plaintiff, CRICKET HOLLOW APTS, do have and recover of the Defendant, JESSICA CHATMAN, possession of the following described premises situated in Justice Precinct One, Montgomery County, Texas to wit:
>
> 9700 FM 1907 W #608 WILLIS, TX 77318

4

. . . Defendant has 5 days to vacate or appeal from this date.

Officer Courtney Yoak of the Willis Police Department testified that on March 12, 2009, she was dispatched to return the call of a citizen who had some questions of a civil matter. Officer Yoak returned the call; the citizen was Chatman, who informed Officer Yoak that she had been locked out of her apartment. Chatman informed Officer Yoak that she had been evicted from her apartment, was ordered to remove her possessions, and the time for removing her possessions had passed. During the call, Chatman told Officer Yoak that she was currently in the apartment. Officer Yoak then received a call from her detective, who was also employed as a security officer at Cricket Hollow. Her detective stated that he had received a call from the apartment manager, Stephanie Eason, requesting assistance with an evicted tenant who had gained access to her old apartment. The detective asked Officer Yoak to investigate the situation. When Officer Yoak arrived at the apartment, she and her partner, Officer Brian Skero, entered the apartment and found Chatman. Officer Yoak testified that she arrested Chatman because of her own admission that she had been evicted but was nonetheless in the apartment.

Juanita Surgers, who was formerly married to Chatman's uncle and worked as the administrative manager for a justice of the peace (JP), testified, as well. Surgers testified that her job involved handling the financial matters for her JP.[2] Surgers testified that during her eviction proceedings, Chatman called her to ask some questions about the civil process of eviction. In response to her questions, Surgers told Chatman that if a

---

[2] Surgers worked for a different JP than the JP who issued the judgment of conviction against Chatman.

landlord obtains a judgment of eviction but the tenant refuses to leave, the landlord must get a writ of possession to forcibly remove the tenant. Surger also testified that Chatman's judgment of eviction became final because Chatman did not appeal it.

## C. Analysis

Citing *Hann v. State*, Chatman argues that because Cricket Hollow did not obtain a writ of possession, there "was a bona fide dispute as to possession of the apartment between [Chatman] and the apartment complex." 771 S.W.2d 731, 733 (Tex. App.–Fort Worth 1989, no pet.). Based on this, Chatman contends that the evidence at trial was legally insufficient to support the effective-consent element of criminal trespass. We disagree that such bona fide dispute existed under the facts of this case.

In *Hann*, appellant was arrested for criminal trespass when he taxied his airplane over a strip of land between the runway and the hangar he rented to store his airplane; appellant's landlord owned both the land where the hangar was located and the land on which the runway was situated. *Id.* at 732. Appellant's landlord had a long-standing dispute with an adjacent property owner over the strip of land in question but believed that his tenants had the right to access the strip of land to cross from the runway to their hangars. *Id.* at 733. The adjacent property owner believed they did not. *Id.* The court concluded that because of the ongoing controversy over the legal title to the land and some "ambiguous or unclear" language in the related legal documents, "a bona fide dispute exist[ed] between appellant and [the adjacent property owner] as to whether appellant had rights of access to the property." *Id.* For this reason, the court concluded no "rational trier of the facts could . . . have found beyond a reasonable doubt that appellant's entry on the property was without effective consent." *Id.* at 734.

6

In *Hann*, the rights of the parties had not yet been adjudicated. Here, the evidence demonstrates no such ambiguity or lack of clarity regarding who had the right to access the apartment. The judgment of eviction clearly transferred the right of possession of the apartment from Chatman to Cricket Hollow and ordered Chatman to vacate the apartment or appeal the judgment. Because Chatman did not appeal the judgment, as stated by Surgers, it became final. Cricket Hollow's failure to obtain a writ of possession—a civil remedy to forcibly remove an evicted tenant—does not alter these facts. Based on the evidence at trial, we cannot conclude that a bona fide dispute existed over who had the right to access the apartment.

Rather, there is ample evidence from which a rational jury could have concluded beyond a reasonable doubt that Chatman entered the apartment without the effective consent of Cricket Hollow. *See Jackson*, 443 U.S. at 318-19; *see also Day*, 532 S.W.2d at 306. Eason, Cricket Hollow's manager, called security to request assistance regarding Chatman being present in the apartment despite being evicted. Further, Chatman admitted to Officer Yoak that she had been evicted and that the time had passed for removing her possessions from the apartment. The evidence was therefore legally sufficient to support the without-effective-consent element. *See* TEX. PENAL CODE ANN. §§ 1.07(19), 30.05(a)(2); *Jackson*, 443 U.S. at 318-19. Chatman's first issue is overruled.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

By her second issue, Chatman argues that she received ineffective assistance of counsel at trial.

7

**A.  Standard of Review and Applicable Law**

To establish ineffective assistance of counsel, Chatman must show that: (1) her attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for her attorney's errors, the result of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of representation, not by any isolated acts or omissions.  *Jaynes*, 216 S.W.3d at 851.  The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight.  *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Chatman rebuts the strong presumption that her counsel's conduct fell within the wide range of reasonable professional assistance.  *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.  Chatman must prove ineffective assistance of counsel by a preponderance of the evidence.  *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).  To prove that counsel's performance fell below the reasonableness standard, "the record must contain evidence of counsel's reasoning, or lack thereof."  *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.–Corpus Christi 1999, pet. ref'd).  Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim.  *Thompson*, 9 S.W.3d at 813-14; *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).  This is true because,

8

normally, a record is silent with regard to counsel's decision-making processes, and therefore, appellant often cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *see Jaynes*, 216 S.W.3d at 855. In the case of such a silent record, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B. Analysis

Here, Chatman complains that her trial counsel was ineffective for failing to request a jury instruction on mistake of fact—i.e., that Chatman formed a reasonable but mistaken belief about a matter of fact that negated the requisite mental state for the offense. *See* TEX. PENAL CODE ANN. § 8.02(a) (Vernon 2003). Chatman contends that testimony at trial established that she reasonably believed that she was legally able to enter the apartment from which she had been evicted because Cricket Hollow had not yet obtained a writ of possession from the justice of the peace. In short, Chatman argues that the evidence raised the defensive issue of mistake of fact, and the trial court would have erred in denying a request to include it in the jury charge.

However, because Chatman did not file a motion for new trial and did not elicit any testimony regarding trial counsel's reasons for taking the complained-of actions, there is no evidence in the record that the actions of Chatman's trial counsel were not the result of sound and reasonable trial strategy. *See Jaynes*, 216 S.W.3d at 855. And based on the record before us, we cannot conclude that trial counsel's actions were so outrageous

9

that no competent attorney would have taken them. *See Roberts*, 220 S.W.3d at 533. Chatman's alleged mistaken belief regarding Cricket Hollow's failure to obtain a writ of possession and her resulting right to enter the apartment was, if anything, a mistake of law, not a mistake of fact. *See* TEX. PENAL CODE ANN. § 8.03(b) (Vernon 2003) ("It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance" on either (1) "an official statement of law in a written order" or (2) "a written interpretation of the law contained" in a court opinion or "made by a public official charged by law with responsibility for interpreting the law in question."). And the source from which Chatman received her interpretation of civil eviction law was Surgers, who was the administrative manager for a JP, not a public official charged with interpreting the law. Thus, the evidence did not raise the issue of mistake of law, and Chatman's counsel did not act unreasonably or incompetently in not seeking a jury instruction on that issue.

In sum, without specific evidence of trial counsel's decision-making process and strategy, we cannot conclude that Chatman has overcome the strong presumption that her trial counsel provided professional, objectively reasonable assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Because Chatman did not establish that her trial counsel's performance fell below an objectively reasonable standard, she has not met the first prong of *Strickland*. *See Jaynes*, 216 S.W.3d at 855. Chatman's second issue is overruled.[3]

---

[3] Although Chatman's attempt at a direct appeal has been unsuccessful, she is not without a potential remedy. Challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *see also Cooper v. State*, 45 S.W.3d 77, 82-83 (Tex. Crim. App. 2001) (suggesting that "the legislature may have regarded challenges to voluntariness as better raised in habeas corpus than on appeal because the appellate record will often contain insufficient

By her third issue, Chatman argues that, under article 38.23 of the code of criminal procedure, the trial court erred in refusing her request in her marihuana possession case for a jury instruction regarding evidence seized in an alleged illegal entry by the police. *See* TEX. CODE CRIM. PROC. ANN. art 38.23(a).   Chatman argues that she raised a fact issue regarding the legality of Officer Yoak and Officer Skero's entry into the apartment and that she was harmed by the refusal of the evidentiary instruction because if the jury had resolved the illegal entry issue in favor of Chatman, the jury would have "been instructed to disregard all evidence obtained from the officer's unlawful entry . . . including the 'blunt' and marijuana that formed the basis for [Chatman]'s possession of marijuana conviction."

Article 38.23 provides as follows:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art 38.23(a).   To be entitled to the evidentiary instruction, the defendant must show that the evidence heard by the jury raised a genuine dispute about a material fact.   *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).

---

grounds for a fair resolution of the claim. The legislature may well have decided to render the issue unappealable but only as a means of encouraging its litigation in habeas corpus, where a new and more complete record can be developed").   An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial."   *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).

11

"The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id.* at 511.

> If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence.

*Id.* at 510.

Here, the alleged misconduct is Officer Yoak and Officer Skero's entry into the apartment without proper authority. Chatman argues that because Cricket Hollow did not obtain a writ of possession, she believed she had a legal right to access the apartment, and as a result, she raised a fact issue regarding who had permission to authorize the police officers' entry into the apartment. Chatman's belief regarding civil eviction procedures, however, has no bearing on the legality of the police officers' entry into the apartment. As discussed previously, the evidence clearly established that Cricket Hollow had the right to possess the apartment through the final judgment of eviction issued against Chatman, and Chatman admitted as much when she told Officer Yoak on the phone that she had been evicted and ordered to remove her possessions from the apartment. Further, it is undisputed that Officers Yoak and Skero entered the apartment pursuant to instructions from Eason, Cricket Hollow's manager.

Chatman's belief does not contradict the judgment of eviction or her own admission that she had been evicted and ordered to vacate. In other words, Chatman's belief that she had a legal right to access or possess the apartment does not raise a factual dispute material to the legality of the officers' entry. Moreover, there was undisputed evidence of other facts—i.e., Eason's authorization to enter the

12

apartment—sufficient to support the lawfulness of the officers' entry. Thus, the legality of the police officers' entry into the apartment was appropriately determined by the trial court. Chatman's third issue is overruled.

## V. MODIFICATION OF JUDGMENT

The trial court's judgment in Chatman's marihuana possession case mistakenly recites Chatman's sentence as "0 days in the Montgomery County Jail" in one of the two places in the judgment where Chatman's sentence is recited. Our review of the record shows that the trial court sentenced Chatman to 180 days' confinement in county jail, suspended the sentence, and placed Chatman on community supervision for one year. Because we have the necessary data and evidence for reformation, we modify the trial court's judgment to reflect the correct sentence of 180 days' confinement in county jail in each place the judgment recites the sentence. *See* TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

## VI. CONCLUSION

For appellate cause number 13-10-00191, we affirm the trial court's judgment of conviction for criminal trespass. For appellate cause number 13-10-00190, we affirm the trial court's judgment of conviction for possession of marihuana as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of April, 2011.

13